UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SHERRIE SEVERANCE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-91 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| ) | |

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) benefits. On September 22, 2010, plaintiff filed her application for SSI benefits. (Page ID 171-74). She alleged a January 1, 2005, onset of disability.[1] (Page ID 171). Her claim was denied on initial review. (Page ID 108-18). On August 16, 2012, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (Page ID 49-95). On October 12, 2012, the ALJ issued his decision finding that plaintiff was not disabled. (Page ID 30-44). On November 21, 2013, the Appeals Council denied review (Page ID 21-23), and the ALJ's decision became the Commissioner's final decision.

---

[1] Administrative *res judicata* arising from a decision dated August 24, 2009 (Page ID 100-06), barred any onset of disability date before August 25, 2009. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993).

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claims for SSI benefits. She asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ violated SSA's regulations by relying on evidence that was never entered into the administrative record in this case.

2. The ALJ failed to impose any specific functional limitations in his RFC finding relevant to Ms. Severance's admittedly severe colitis with alternating constipation and diarrhea.

3. The ALJ erred by failing to find that Ms. Severance has a severe impairment of bladder incontinence, which is extremely well documented in the medical evidence and for which she must wear adult diapers. Further, the ALJ's RFC finding fails to in any way account for this very serious medical impairment.

4. The ALJ failed to even mention the opinion of SSA's consultative psychologist that Ms. Severance had only a guarded ability to perform simple, unskilled work on a sustained an competitive basis. It was legal error for the ALJ to completely overlook that crucial opinion and failed to explain the weight he accorded to it.

(Statement of Errors, Plf. Brief at 2, docket # 13, Page ID 889). I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   *Heston v.*

*Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

### **Sequential Analysis**

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after September 22, 2010, the application date. (Op. at 3, Page ID 32). Plaintiff had the following severe impairments: colitis with alternating constipation and diarrhea, COPD/emphysema with ongoing tobacco abuse, depressive disorder, anxiety related disorder with PTSD. (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 4, Page ID 33). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work, with the following exceptions:

> occasionally lift and/or carry up to 20 pounds; frequently lift and or carry up to 10 pounds; sit, stand and/or walk for about 6 hours of any 8-hour workday with breaks; no limitation in pushing /pulling other than shown; can occasionally climb ramps, stairs and ladders, balance, stoop, kneel, crouch and crawl; no manipulative limitations or communicative; only additional environmental limitation is avoid even moderate exposure to fumes, odors, dusts, gases or poor ventilation. She is also limited to performing simple, routine and repetitive tasks, as well as no fast-paced jobs or jobs with set production quotas.

(Op. at 5, Page ID 34). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (*Id.* at 5-12, Page ID 34-41). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis because she was capable of performing her past relevant work as a plastic injection molder, inspector and assembler. (*Id.* at 12, Page ID 41).

Alternatively, the ALJ found that plaintiff was not disabled at step 5 of the sequential analysis. Plaintiff was 52 years old on the date she filed her application and 54 years old on the date of the ALJ's decision. Thus, she was classified as an

individual closely approaching advanced age. She has at least a high school education and is able to communicate in English. The ALJ found that the transferability of plaintiff's job skills was not material to a finding of disability. (Op. at 13, Page ID 42). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question posed by the ALJ, the VE testified that there were approximately 70,000 jobs in Michigan that the hypothetical person would be capable of performing. (*Id.* at 14, Page ID 43; *see* Page ID 84-85). The ALJ found that this constituted a significant number of jobs and held that plaintiff was not disabled. (Op. at 13-15, Page ID 43-44).

## **Discussion**

### 1.

Plaintiff argues that the ALJ violated SSA's regulations by relying on evidence that was never entered into the administrative record in this case. (Plf. Brief at 3-6, Page ID 890-93; Reply Brief at 1-3, docket # 18, Page ID 930-32). Plaintiff cites no case law in support of her argument and she generally ignores the controlling Sixth Circuit cases, *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997) and *Dennard v. Secretary of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990), both of which were cited in the ALJ's opinion. (Op. at 12, Page ID 41). Administrative *res judicata* stemming from the final administrative decision dated August 24, 2009, barred any onset of disability before August 25, 2009. (*Id.* at 1, Page ID 30). Further, in the earlier decision, an ALJ found that plaintiff retained the RFC to perform a limited range of light work. (Page ID 103). Under the rule of *Drummond v. Commissioner* and

its progeny, the ALJ was required to "adopt and be bound by the finding of the claimant's residual functional capacity or other findings required at a step of the sequential evaluation process." *Caudill v. Commissioner*, 424 F. App'x 510, 514 (6th Cir. 2011); *see Schmiedebusch v. Commissioner*, 536 F. App'x 637, 646 (6th Cir. 2013). The ALJ could not "redetermine the findings of a claimant's residual functional capacity or other issues previously determined in the absence of new and additional material evidence or changed circumstances."[2] *Caudill,* 424 F. App'x at 514. Plaintiff's earlier claim was denied because she was capable of performing a limited range of light work, and this work did not require the performance of work-related activities "as those jobs are generally performed in the national economy." (Page ID 105).

Plaintiff argues that it was "legally improper and fundamentally unfair" for the ALJ in this case to rely on the vocational expert testimony in the earlier case in which her past relevant work as it is generally performed was light work. (Plf. Brief at 3, Page ID 890). Plaintiff did not perform any type of work between August 25, 2009, and October 12, 2012. (Page ID 56-57). There was nothing unfair or improper in the classification of plaintiff's past relevant work as generally performed because that classification was established in the earlier decision. (Page ID 105-06). Plaintiff argues that the transcript from the earlier hearing is not part of this administrative

---

[2]In the August 24, 2009, decision it was determined that plaintiff had a number of severe impairments, including colitis, yet retained the RFC for a limited range of light work and was not disabled because she was capable of performing her past relevant work as a plastic injection molder, inspector, and assembler. (Page ID 100-06).

record, and that it is now "too late" for the Commissioner to supplement the record. (Plf. Brief at 5, Page ID 892). Plaintiff has the shoe on the wrong foot. Plaintiff is claiming unfairness. No unfairness could be established unless and until plaintiff moved to supplement the record, and the record so supplemented by the earlier hearing transcript showed that the classification found in the earlier decision (Page ID 105) failed to accurately reflect the classification of her past relevant work as light work.

Plaintiff states that the ALJ did not properly apply the acquiescence ruling based on the Sixth Circuit's *Dennard* decision, AR 98-3(6),[3] because VE John Petrovich testified that plaintiff's past relevant work was medium in its exertional requirements as generally performed in the national economy. (Plf. Brief at 5-6, Page ID 892-93). Plaintiff is correct only as far as Mr. Petrovich offered a different and more general classification. Mr. Petrovich classified plaintiff's past relevant work as general industrial laborer and testified that such work is medium work as generally performed in the national economy. (Page ID 59). Under AR 98-3(6), the Administration is generally bound by the earlier administrative finding regarding the demands of plaintiff's past relevant work. 1998 WL 283901, at * 3. The acquiescence ruling permits, but does not require, the ALJ to make a different finding for an unadjudicated period, if there is "new and material evidence relating to such a finding[.]" *Id.* The testimony provided by Mr. Petrovich was arguably new and material, and the ALJ could have made a different factual finding regarding the demands of plaintiff's past

---

[3]Acquiescence Ruling (AR) 98-3(6) is reprinted at 1998 WL 283901 (SSA June 1, 1998).

relevant work without violating AR 98-3(6).  The ALJ noted that there was a discrepancy between the opinions provided by Mr. Petrovich and Dr. McGowan. (Op. at 13, Page ID 42).  Dr. McGowan had addressed plaintiff's work as a plastic injection molder, inspector, and assembler, and Mr. Petrovich had taken a far more general approach, classifying plaintiff's work as general industrial labor. (*Id.* at 12, Page ID 41).  The ALJ consulted the *Dictionary of Occupational Titles* to clarify the issue:

> The undersigned reviewed the *Dictionary of Occupational Titles* to further clarify this issue.  While Mr. Petrovich found that the past work was at the medium exertional level as it is typically performed, the DOT conforms more to the testimony of Dr. McGowan in the prior hearing.  For example, the DOT code for a plastics molder, or plastic press molder in miscellaneous fabricated products industry is 779.684-050, or 556.685-022. Both of these occupations are at the light exertional level, and the SVP is two or three, indicating that they are unskilled.
>
> As to the other jobs, the DOT classifies inspector of parts, section 609.684-010, and parts inspector, in any industry, as light.  Another job listed, stock-parts inspector, which is quite similar to what she used to do, and inspector of fixtures and manufacturing is light also.  As to the final past job of assembler, the DOT classifies assembler, general production facility, any industry, at section 782.684-058, or 782.684-062 as light.  At section 729.687-010 assembler of electrical products, and section 706.684-086, plumbing products assembler are also light exertionally.  These classifications provide substantiation for Dr. McGowan's VE testimony, and confirms that Mr. Petrovich did not correctly identify the exertional capacity for her past work when asked to do so.

(Op. at 13, Page ID 42).

Vocational expert testimony is not required at step 4 of the sequential analysis. *See Wright-Hines v. Commissioner*, 597 F.3d 392, 395 (6th Cir. 2010); *see also Bowman v. Commissioner*, No. 1:10-cv-852, 2012 WL 229892, at * 5 (W.D. Mich. Jan. 24, 2012); 20 C.F.R. § 416.960(b)(2).  The ALJ may use the *Dictionary of Occupational Titles* to

obtain evidence needed to help determine whether the claimant is capable of performing past relevant work. 20 C.F.R. § 416.960(b)(2). Further, the ALJ may use a vocational expert's services in determining whether a claimant can perform her past relevant work. *Id.* (A VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."). "The ALJ was not bound to accept the testimony of any witness, including the VE." *Hill v. Commissioner*, No. 1:12-cv-235, 2013 WL 2896889, at * 7 (W.D. Mich. June 13, 2013) (quoting *Banks v. Massanari*, 258 F.3d 820, 827-28 (8th Cir. 2001)). The ALJ's factual finding that plaintiff's past relevant work was light work is consistent with the earlier administrative decision and the *Dictionary of Occupational Titles*,[4] and is supported by more than substantial evidence.

### 2.

Plaintiff argues that the ALJ made errors in his findings regarding her severe impairments and RFC:

> The ALJ failed to impose any specific functional limitations in his RFC finding relevant to Ms. Severance's admittedly severe colitis with alternating constipation and diarrhea.

---

[4] Plaintiff ignores the *Dictionary of Occupational Titles* evidence supporting the ALJ's factual findings regarding her past relevant work. The *Dictionary of Occupational Titles* evidence alone provides substantial evidence supporting the ALJ's factual finding. . Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Heston v. Commissioner*, 245 F.3d at 534.

> The ALJ erred by failing to find that Ms. Severance has a severe impairment of bladder incontinence, which is extremely well documented in the medical evidence and for which she must wear adult diapers. Further, the ALJ's RFC finding fails to in any way account for this very serious medical impairment.

(Statement of Errors, Plf. Brief at 2, Page ID 889).

Plaintiff argues that the ALJ should have included her bladder incontinence as an additional severe impairment at step 2 of the sequential analysis. (Plf. Brief at 8, Page ID 895; Reply Brief at 4-5, Page ID 933-34). The finding of a severe impairment at step 2 is a threshold determination. The finding of a single severe impairment is sufficient to require continuation of the sequential analysis. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ found at step 2 of the sequential analysis that plaintiff had four severe impairments. (Op. at 3, Page ID 32). The ALJ's failure to find additional severe impairments at step 2 is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2009); *see Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). The ALJ continued the sequential analysis and considered all plaintiff's severe and non-severe impairments in making his factual finding regarding plaintiff's RFC. (Op. at 3, 5, Page ID 32, 34). Plaintiff's assignment of error is legally unsupportable.

Plaintiff argues that the ALJ committed error because he failed to impose any specific functional limitations in his factual finding regarding plaintiff's RFC based on plaintiff's colitis. (Plf. Brief at 6-8, Page ID 893-95; Reply Brief at 4-5, Page ID 933-34). She argues that the Commissioner's decision must be overturned because colitis was included in the list of her severe impairments, but the ALJ's RFC finding did not

include functional limitations based on those impairments. The Sixth Circuit considers the step two severity regulation as a "*de minimis* hurdle" intended to "screen out totally meritless claims." *Nejat v. Commissioner*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Rogers v. Commissioner*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) and *Farris v. Secretary of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985)); *see also Corley v. Commissioner*, No. 98-3785, 1999 WL 970306, at * 1 (6th Cir. Oct. 14, 1999) ("The ALJ did not err in finding that a severe impairment can exist without finding that a significant limitation and disability exist."). "A claimant's severe impairment may or may not affect his or her functional capacity to do work.  One does not necessarily establish the other." *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007) (citation and internal quotation omitted).

RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. § 416.945(a)(1); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). The ALJ found that plaintiff retained the RFC for a limited range of light work.[5] (Op. at 5, Page ID 34).  The ALJ carefully considered all the evidence presented, including the evidence related to plaintiff's colitis. (Op. at 7-12, Page ID 36-41).  Plaintiff has not shown that the restrictions that the ALJ included in his factual finding regarding plaintiff's RFC failed to adequately take into account plaintiff's credible functional limitations stemming from the aforementioned impairment.

---

[5]On appeal, plaintiff elected not to challenge the ALJ's factual finding that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (*see* Plf. Brief at 2, Statement of Issues, Page ID 889).

**3.**

Plaintiff argues that the ALJ committed reversible error when he failed to mention a portion of an opinion provided by a consultative psychologist. She argues that the ALJ was required to address and analyze the fragment of a consultative psychologist's report in which he offered an opinion that plaintiff's ability to sustain competitive, simple work was "guarded." (Plf. Brief at 10, Page ID 897) (citing Tr. 433, found at Page ID 460). It is well established that "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005); *see Boseley v. Commissioner*, 397 F. App'x 195, 199 (6th Cir. 2010). In addition, because Psychologist Mulder was a consultative examiner, the ALJ was not "under any special obligation to defer to [his] opinion or to explain why he elected not to defer to it." *Karger v. Commissioner*, 414 F. App'x 739, 744 (6th Cir. 2011). The ALJ"was not obligated to agree" with plaintiff that the cited fragment of the consultative examiner's report was "crucial." *See Kornecky v. Commissioner*, 167 F. App'x 496, 508 (6th Cir. 2006). The ALJ was not required to discuss the "guarded" prognosis offered by the consultative examiner. A guarded prognosis simply reflects uncertainty regarding the individual's future condition. *See e.g., Hernandez v. Johnson*, 248 F.3d 344, 359 (5th Cir. 2001); *Mendez v. United States*, 732 F. Supp. 414, 417 (S.D.N.Y. 1990). Magistrate Judge Ellen Carmody of this Court described "Dr. Mulder's observation that Plaintiff's prognosis was guarded to fair [as] so vague and nebulous as to be virtually

meaningless." *Taylor v. Commissioner*, No. 1:11-cv-1308, 2013 WL 1305291, at * 10 (W.D. Mich. Mar. 28, 2013).

It is beyond question that the ALJ considered Psychologist Mulder's entire report, including plaintiff's material misstatements to him regarding her criminal record[6] and history of substance abuse:

> At exhibit 7F, she met with Dr. Mulder for a consultative examination 2/16/11. The claimant noted that she felt tired all the time and felt depressed most of her life. She described her sleep as poor as she does not sleep more than 4 hours and had trouble staying awake. The claimant denied the abuse of alcohol, and she denies the use of any illicit drugs. The undersigned finds that this portion of the examination is a material misstatement. The claimant in fact has a long history of alcohol abuse and a felony conviction for a drug related crime according to the information in file. While she may not have drank alcohol since 2000, she was still not forthcoming when Dr. Mulder asked her about the alcohol and drug abuse history at this session. She also was not entirely forthcoming about how many activities she engaged in during a typical week.
>
> At exhibit B4E, the claimant wrote that she has the ability to read and handle financial affairs. She wrote that her hobbies include crafting, knitting and reading and she does these well. She also told Dr. Mulder that she spends most of her time with crafts, reading and researching genealogy. Dr. Mulder found that she was in contact with reality and rather subdued. She was tearful and said that she was nervous. Dr. Mulder observed no coordination problems. Her self esteem was very low. However, she was oriented, alert, and her speech clear, coherent and fluent. Dr. Mulder found that her affect was depressed and anxious. Dr. Mulder found that she had MDD, GAD, and PTSD with the psychological factors affecting her physical condition.

(Op. at 6, Page ID 35). I find no basis for disturbing the Commissioner's decision.

---

[6]Plaintiff was convicted of the felony of delivering marijuana to a state penitentiary. (Page ID 105).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   July 30, 2015         /s/  Phillip J. Green
                               United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).