UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHERRIE SEVERANCE,<br>    Plaintiff,<br><br>-v-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | No. 1:14-cv-91<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Sherrie Severance filed this complaint seeking review of the final decision of the Commissioner of Social Security. After the parties submitted their briefs, the magistrate judge reviewed the record and issued a report recommending the Commissioner's decision be affirmed. (ECF No. 19.) Severance filed objections. (ECF No. 20.)

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Having reviewed the R&R and also having reviewed the objections de novo, the R&R is **ADOPTED** as the opinion of this Court.

**Objection 1.**  Severance complains that the Administrative Law Judge (ALJ) relied on evidence that was not part of the administrative record.  The magistrate judge found no legal support for this alleged error.  This Court agrees.  The "evidence" to which Severance refers are the factual findings made by the ALJ in Severance's prior disability proceeding and, under two earlier Sixth Circuit opinions, Severance cannot re-litigate those findings.  This was not evidence in the sense of a medical report or, as asserted by Severance, the report of the vocational expert in the prior proceeding.  The evidence was a factual finding made in the prior proceeding that was entitled to legal deference in this subsequent proceeding.  The Court finds no error in the magistrate judge's resolution of the issue.

**Objection 2.**  Severance complains that the ALJ erred when he found that she had a severe impairment, but no functional limitations.  Severance asserts the two findings cannot both be true.  In her initial brief, Severance discusses her need for access to the bathroom.  The magistrate judge found no legal error in the ALJ's decision because, citing unpublished Sixth Circuit opinions, a severe impairment may not affect an individual's functional capacity to work.  The Court agrees.  Severance has not established any error requiring reversal.  Contrary to Severance's objection, the ALJ did identify Severance's limitations by identifying what tasks she could perform, rather than identifying what tasks she could not perform.  Severance has not established that the ALJ's findings about what she can do, her residual functional capacity, were erroneous.

Furthermore, the ALJ did discuss the need to access a bathroom as a limitation.  At stage four of the sequential process, the ALJ addressed Severance's residual functional capacity.  In this stage, the ALJ discussed the medical evidence supporting her need to access a bathroom.  The ALJ found that Dr. Chrissman's report did not support the conclusion that Severance needed unabated access to a bathroom.

(ECF No. 8-2 ALJ Dec. 16 Page ID 36.) The ALJ found that the other document that might support this claim, Dr. Zink's statement, was not certified and was entitled to little weight. (*Id.* 18 Page ID 38.) Nevertheless, the ALJ relied on the second document and found that Severance had a limitation such that she needed access to a bathroom. (*Id.*) The evidence in the record does not support a limitation on Severance beyond access to a bathroom. The evidence in the record does not establish the frequency of the need to access a bathroom or the urgency with which that access would be required. Consequently, no error occurred at stage five. The vocational expert testified that, at the sites for the jobs identified, there would be access to a bathroom. (ECF No. 8-2 Hrg. Trans. 67 Page ID 87.) The ALJ merely repeated the expert's testimony. (ALJ Dec. 23 Page ID 43.)

Having adopted the Report and Recommendation, the Commissioner's final decision is **AFFIRMED.  IT IS SO ORDERED.**

Date:   August 20, 2015                                        /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge